NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DR. BRIAN M. TORPEY, M.D., F.A.C.S., | |
| Plaintiff, | Civil Action No. 12-cv-7618 (JAP) |
| v. | **OPINION** |
| BLUE CROSS BLUE SHIELD OF TEXAS, *et al.,* | |
| Defendants. | |

PISANO, District Judge

This matter comes before the Court by way of Defendants Blue Cross Blue Shield of Texas and Oceaneering International, Inc.,'s Joint Motion to Dismiss Plaintiff's Complaint [docket # 10] pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion to dismiss is GRANTED and Plaintiff's Complaint is DISMISSED.

I.      BACKGROUND

For the purposes of the instant motion to dismiss, the following factual allegations asserted in the Complaint will be accepted as true and viewed in a light most favorable to Plaintiff. Brian M. Torpey ("Plaintiff") is an orthopedic surgeon licensed and currently practicing in New Jersey. On May 9, 2011, Plaintiff performed knee surgery on Patient B.H. (the "Patient"). At the time of the surgery, Patient was insured under a health insurance plan policy, (the "Plan") between defendants Oceaneering International, Inc., the Plan Sponsor, and Blue

1

Cross Blue Shield of Texas ("BCBSTX"), the insurer (collectively "Defendants").[1] The Plan contains an anti-assignment clause which states that "[r]ights and benefits under the Plan shall not be assignable, either before or after services and supplies are provided." Brief, Exhibit A at 61.

Plaintiff is a "non-participating provider" and "did not have a contract with [BCBSTX] to accept agreed upon rates for services provided to the Patient." Compl. ¶ 5. The services provided by Plaintiff to B.H. were "out of network" and not covered by the Plan. *Id.* Plaintiff contends that prior to performing the surgery, he contacted BCBCTX "to confirm that that the Patient had out-of-network benefits for the services that were to be provided." *Id.* at ¶ 6.

According to Plaintiff, prior to performing the surgery, B.H. executed a "Designation of Authorized Representative" (the "DAR"), which "provides that [Plaintiff] may receive all the benefits of Patient's policy," and an "Assignment of Benefits" (the "Assignment"), which "expressly authorized [Plaintiff] to represent the Patient B.H. in appeals to the Defendants."[2] *Id.* at ¶ 10-11.

After performing the surgery, Plaintiff filed a claim in the amount of $27,721.00 seeking payment from BCBSTX for the procedure performed on the Patient. According to Plaintiff, because BCBSTX is based in Texas, he was directed to file all correspondence through Horizon Blue Cross Blue Shield of New Jersey ("BCBSNJ"), which is an entity separate from BCBSTX.[3] On or about June 15, 2011, BCBSTX made a payment to the Patient in the amount of $1,732.98, which was given to Plaintiff in accordance with the Assignment.

---

[1] Defendant Oceaneering International, Inc. is the employer of the policy holder, C.L., and B.H. is a beneficiary of the Plan.
[2] The Complaint does not provide the language or specifics of either document.
[3] The Plan makes no reference to BCBSNJ and states that medical claims should be submitted to "Blue Cross Blue Shield of Texas, Claims Division . . . Dallas, TX." Brief, Exhibit A at 26.

On September 27, 2011, Plaintiff filed a "First Level Appeal" with BCBSNJ as B.H.'s "Authorized Representative" contesting the amount paid for the claim and requesting "all documentation Defendant used in making its compensation decisions."[4] Compl. ¶ 16. Plaintiff's appeal of the claim was denied on October 22, 2011. On November 14, 2011, Plaintiff filed an addendum to his original appeal with BCBSNJ and again requested the information relied upon in denying the appeal. On January 18, 2012, Plaintiff filed a "Second Level Appeal," which was denied on February 16, 2012.

The Complaint was filed on December 12, 2012 by Plaintiff "as designated authorized representative of B.H., Insured C.L. and Patient B.H.,"[5] and alleges claims against Defendants for statutory penalties under ERISA section 502(a)(1)(A), 29 U.S.C. § 1132(a)(1)(A), and for the payment of benefits from an employee benefit plan under ERISA section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. In deciding a motion to dismiss under Rule 12(b)(6), a court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). The factual allegations in the complaint must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In deciding a motion to dismiss under Rule

---

[4] BCBSNJ is not a party to this suit.
[5] Although Plaintiff purports to bring these claims as the "authorized representative" of B.H. and C.L., Plaintiff Brian M. Torpey is the only Plaintiff in the present action, and the Court makes no judgment as to the merits of B.H.'s or C.L.'s potential claims.

12(6)(6), the court may consider the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of the plaintiff's claim. *Lum. v. Bank of Am.,* 361 F.3d 217, 222 n.3 (3d Cir. 2004).

## III. DISCUSSION

Plaintiff's legal challenge to the denial of health benefits under the ERISA-governed Plan is brought pursuant to ERISA § 502 "which provides an exclusive federal cause of action for resolution of such disputes." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 62-63 (1987). ERISA contains a broad preemption clause providing that ERISA shall "supersede any and all State laws insofar as they may no or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a); *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 44-45 (1987). Under ERISA section 502(a), "[a] civil action may be brought . . . by a participant or beneficiary (A) for the relief provided for in [ERISA section 502(c)], or (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1).

### A. Plaintiff's Standing

Defendant contends that Plaintiff does not have standing to bring this case because under the terms of the Plan, the plan participant or beneficiary may not assign their benefits or rights under the Plan. Specifically, the Plan contains an anti-assignment clause which states that "[r]ights and benefits under the Plan shall not be assignable, either before or after services and supplies are provided." Brief, Exhibit A at 61. Defendant argues that the anti-assignment provision in the Plan is enforceable and bars a participant or beneficiary from assigning their right to payment of medical benefits to a provider. Plaintiff does not contest the validity of the

4

anti-assignment clause, but contends that the anti-assignment clause does not prohibit the assignment of a cause of action to recover benefits under the Plan to the provider.

### *i. The Anti-Assignment Clause in the Plan is Enforceable*

Although the Third Circuit has not specifically addressed the enforceability of anti-assignment clauses in ERISA-governed plans, many other circuits have considered the issue and held that where a plan contains an anti-assignment provision, the provision is enforceable and the assignment is ineffectual. *See, e.g., Physicians Multispeciality Grp. v. Health Care Plan of Horton Homes, Inc.,* 371 F.3d 1291, 1294-96 (11th Cir. 2004) ("Because ERISA-governed plans are contracts, the parties are free to bargain for certain provisions in the plan—like assignability. Thus, an unambiguous anti-assignment provision in an ERISA-governed welfare benefit plan is valid and enforceable."); *City of Hope Nat'l Med. Ctr. v. HealthPlus, Inc.,* 156 F.3d 223, 229 (1st Cir. 1998) ("Consistent with the other circuits which have addressed this issue, we hold that ERISA leaves the assignability or non-assignability of health care benefits under ERISA-regulated welfare plans to the negotiations of the contracting parties."); *St. Francis Reg'l Med. Ctr. v. Blue Cross & Blue Shield of Kan., Inc.,* 49 F.3d 1460, 1464-65 (10th Cir. 1995) ("ERISA's silence on the issue of assignability of insurance benefits leaves the matter to the agreement of the contracting parties."); *Davidowitz v. Delta Dental Plan of Cal., Inc.,* 946 F.2d 1476, 1478 (9th Cir. 1991) ("As a general rule of law, where the parties' intent is clear, courts will enforce non-assignment provisions."); *Washington Hosp. Ctr. Corp. v. Grp. Hospitalization & Med. Servs., Inc.,* 758 F. Supp. 750, 755 (D.D.C. 1991) (holding that an anti-assignment provision was valid and enforceable after concluding that enforcement of the provision was not contrary to public policy.).

The anti-assignment provision in the Plan is unambiguous and closely resembles the language of the anti-assignment clauses in the plans at issue in the cases before other district courts and appeals courts that have held that where a plan contains an anti-assignment clause, the health care provider lacked standing because the alleged assignments were invalid. Accordingly, the Court finds that the anti-assignment clause in the Plan is unambiguous and in enforceable. Therefore, any purported assignments of rights or benefits under the Plan to Plaintiff are void.

### *ii. Plaintiff Lacks Standing Under ERISA Section 502(a)*

Under ERISA's civil enforcement provision, only participants and beneficiaries have standing to bring a lawsuit. *See* 19 U.S.C. § 1132(a)(1); *Pascack Valley Hosp. Inc. v. Local 464A UFCW Welfare Reimbursement Plan,* 388 F.3d 393, 400 (3d Cir. 2004). A "participant" is "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7). A "beneficiary" is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

There is no dispute that Plaintiff does not qualify as a participant or beneficiary under the Plan. Instead, Plaintiff argues that he stands in the shoes of B.H., a beneficiary of the Plan, because of the Assignment and DAR allegedly executed by B.H. prior to the surgery. Plaintiff contends that although the Plan contains a valid anti-assignment clause, he has standing to assert the present claims because the anti-assignment clause only prohibits the assignment of "rights under a contract," and does not affect "that same party's ability to assign causes of action arising from the breach of that contract."

"As a general rule of law, where the parties' intent is clear, courts will enforce non-assignment provisions." *Davidowitz,* 946 F.2d at 1478. When interpreting the provisions of an ERISA plan, federal courts must employ the traditional canons of interpretation. *See LeTourneau Lifelike Orthotics & Prosthetics, Inc. v. Wal-Mart Stores, Inc.,* 298 F.3d 348, 352 (5th Cir. 2002). Applying ordinary principles of contract interpretation, the Court finds that the plain language of the Plan's anti-assignment clause prohibiting the assignment of "[r]ights and benefits under the Plan" encompasses the right of a participant or beneficiary to seek reimbursement for benefits allegedly due under the Plan.

According to Plaintiff, the Plan "provides that a plan beneficiary has the unfettered right to choose anyone it wants, even Dr. Torpey, to stand in the shoes of the insured and act on their behalf as their authorized representative." Opposition at 1. The terms of the Plan allow a participant or beneficiary to "designate a representative to act [on their behalf] in the review procedure" in the event that a claim is denied. Brief, Exhibit A at 23. However, the designation of an "authorized representative" under the Plan applies to the administrative claims review process and does not confer standing to bring a civil action.

While Plaintiff attempts to distinguish between the assignment of rights and benefits and the assignment of causes of action, the benefits provided under a healthcare plan include the right to bring an action to recover such benefits. *See St. Francis,* 49 F.3d at 1467 n.10. The anti-assignment clause voids any purported assignment of rights or benefits under the plan, and without valid rights or benefits under the Plan, Plaintiff does not have standing to bring an action to recover such benefits.

Furthermore, Plaintiff's description of the Assignment and DAR, neither of which have been provided to the Court, makes no reference to the purported distinction between an

7

assignment of rights and an assignment of a cause of action. According to Plaintiff, the Assignment "expressly authorized [Plaintiff] to represent the Patient B.H. in appeals to the Defendants," which is allowed under the Plan and not contested by Defendants, and the DAR "provides that [Plaintiff] may receive all the benefits of Patient's policy," which is clearly voided by the unambiguous statement in in the anti-assignment clause that "[r]ights and benefits under the Plan shall not be assignable."

Therefore, because the assignment of rights and benefits under the Plan is precluded by the unambiguous anti-assignment clause, the Court finds that Plaintiff lacks derivative standing to sue Defendants under ERISA § 502 and does not possess a valid cause of action to recover benefits under the Plan. Accordingly, Plaintiff's Complaint is dismissed for lack of standing.

**B. Plaintiff Fails to State a Claim Under ERISA Section 502(a)(1)(A)**

Under ERISA § 502(c)(1)(B), "[a]ny administrator who fails or refuses to comply with a request for any information . . . may in the court's discretion, be personally liable . . . in the amount of $100 a day from the date of such failure or refusal."[6] 29 U.S.C. § 1132(c)(1)(B). To state a claim for relief for a violation of ERISA § 502(c)(1)(B), a plaintiff must allege "(1) that he is a participant or beneficiary; (2) that he has made a written request to a plan administrator for information that falls within the purview of ERISA's disclosure requirements; and (3) that the plan administrator failed to provide the requested documents within thirty days of the written request." *Wargotz v. NetJets, Inc.,* 2010 WL 1931247, at *3 (D.N.J. May 13, 2010).

Even assuming, *arguendo*, that Plaintiff had standing in this matter, his claims for relief under ERISA § 502(c)(1)(B) would be dismissed based on his failure to submit a written request

---

[6] As defined in the statute, the "administrator" is: "(i) the person specifically so designated by the terms of the instrument under which the plan is operated; (ii) if an administrator is not so designated, the plan sponsor; or (iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe." 29 U.S.C. § 1002(16)(A).

for plan documents to the Plan Administrator. According to Plaintiff, his letters appealing the amount of the claim and requesting documents relating to the Plan were submitted to Horizon Blue Card Appeals in Neptune, New Jersey. However, the Plan clearly identifies the Plan Administrator as the "Benefits Committee, Oceaneering International, Inc.," and lists an address in Houston, Texas. Brief, Exhibit A at 82. A claim under ERISA § 502(c)(1) "requires actual receipt by the administrator" of the request for plan documents. *Romero v. SmithKline Beecham,* 309 F.3d 113, 119 (3d Cir. 2002). In Plaintiff's Opposition, he concedes that the "written demand for documents was made only to Defendant Blue Cross Blue Shield of Texas who is according to the plan documents, not the plan administrator."[7] Opposition at 8, n.1. Thus, because Plaintiff's requests for plan documents were not submitted to or received by the Plan Administrator, Plaintiff cannot demonstrate a claim for relief under ERISA § 1132(c)(1)(B).

## IV. CONCLUSION

For the foregoing reasons, Defendants' Joint Motion to Dismiss [docket #10] is GRANTED and Plaintiff's Complaint is DISMISSED. An appropriate Order accompanies this Opinion.

Date: January 30, 2014                                      /s/ Joel A. Pisano
                                                            JOEL A. PISANO
                                                            United States District Judge

---

[7] The Court notes the inconsistencies between the Complaint and the Opposition in identifying where Plaintiff's appeals and requests for information were sent. Although it is unclear where Plaintiff's written requests were sent, Plaintiff concedes that they were not sent to or received by the designated Plan Administrator.